```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
_____
                              )
ECOMISSION SOLUTIONS, LLC,    )
                              )
          Plaintiff,          )
                              )   Misc. 16-1793 (EGS)
     v.                       )
                              )
CTS HOLDINGS, INC. and        )
CTS SYSTEMS, INC.,            )
                              )
          Defendants.         )
_____)
```

### MEMORANDUM OPINION

Pending before the Court is non-party witness Dell Marketing, LP's ("Dell") Motion to Quash the forthcoming deposition of Bradley Hughes ("Mr. Hughes"), or in the alternative, for a Protective Order postponing a decision on whether Mr. Hughes may be deposed as a non-party witness until the Court presiding over the underlying action rules on Defendants' Motion to Amend its Complaint to add Dell as a third-party. Dell's Mem. Supp. Mot. Quash ("Dell's Mem. Supp"), ECF No. 1 at 1-2. Upon review of Dell's Motion, the responses and replies thereto, and for the reasons discussed below, Dell's Motion is **GRANTED in part** and **DENIED in part**.

**I.   Background**

Dell and Plaintiff Ecomission Solutions, LLC ("ECS") were engaged in a longstanding agreement that expired in March of 2015. Def.'s Mem. Opp. Pl.'s Mot. Quash ("Def.'s Mem. Opp."),

1

ECF No. 2 at 2. CTS served as Dell's sub-contractor in relation to that contract. *Id.* In 2015, ECS filed suit against Dell in Texas state court, alleging tort and contract claims. *Id.*; Dell's Mem. Supp. at 2. The Texas lawsuit ended in a settlement agreement, but CTS was not involved in the Texas litigation or its resolution. *Id.*

In March 2015, ECS filed a complaint against CTS in New York state court. *Id.* CTS removed the matter to federal court, where it is currently pending in the Southern District of New York ("S.D.N.Y.") *Id.* CTS alleged in its Answer and Affirmative Defenses and Counterclaim that Dell (among others) proximately caused or contributed to ECS's alleged damages. Def.'s Mem. Opp. at 3. On July 29, 2016, CTS filed a motion to amend its complaint to add Dell as a third-party defendant. Dell's Mem. Supp. at 2. That interpleader motion is currently pending in the New York action. Def.'s Mem. Opp. at 3.

On August 11, 2016 CTS served a subpoena on Mr. Hughes to take his deposition on August 26, 2016 (later changed to August 30, 2016) as a representative of non-party Dell. Def.'s Mem. Supp. at 3 and 1, n.1.

**II.  Legal Standard**

A party "may obtain discovery regarding any nonprivileged
   matter that is relevant to any party's claim or defense . .
   . [or which] appears reasonably calculated to lead to the

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limiting discovery and quashing subpoenas pursuant to Rule 26 and/or Rule 45 "goes against courts' general preference for a broad scope of discovery." *U.S. Dep't of the Treasury v. Pension Benefit Guaranty Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014)(quoting *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005)). The general policy favoring broad discovery is particularly applicable where, as here, "the court making relevance the determination has jurisdiction only over the discovery dispute, and hence, has less familiarity with the intricacies of the governing substantive law than does the court overseeing the underlying litigation." *U.S. Dep't of the Treasury*, 301 F.R.D. at 25 (citing *Jewish War Veterans of the United States of Am., Inc. v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007)).

Under Rule 45(d)(3), a Court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). "The individual or entity seeking relief from subpoena compliance bears the burden of demonstrating that a subpoena should be modified or quashed." *Sterne Kessler Goldtein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 379 (D.D.C. 2011) (citations omitted). The quashing of a subpoena is an "extraordinary measure" and courts should be loath to grant such relief where "other protection of less absolute character is

possible." *U.S. Dept. of the Treasury v. Pension Benefit Guaranty Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014).

Under Rule 26(c), a "party or any person from whom discovery is sought may move for a protective order . . . on matters relating to a deposition, in the court for the district where the deposition may be taken." Fed. R. Civ. P. 26(c). Courts may grant protective orders where the moving party has demonstrated good cause and demonstrated the need to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.* The moving party carries a "heavy burden" of showing extraordinary circumstances based on "specific facts" that would justify a protective order. *Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 6 (D.D.C. 2013)(citing *United States v. Kellogg Brown & Root Servs. Inc.*, 285 F.R.D. 133, 134 (D.D.C. 2012)).

**III. Analysis**

Dell's primary argument is that Mr. Hughes' deposition should be postponed until CTS's Motion to Add Dell is ruled on by the S.D.N.Y. so that Dell "will not face the prospect of Mr. Hughes potentially being called to testify both as a non-party and again later as a party witness." Dell Mem. Supp. at 5. CTS contends that if the Court grants Dell's Motion on this basis, it will "be prejudiced if it is denied this deposition and the

New York court denies its application to implead Dell, leaving CTS without this required deposition." Def.'s Mem. Opp. at 7.

CTS's argument is not persuasive. Issuance of a protective order preventing Mr. Hughes' deposition until CTS's interpleader motion is ruled on in the New York matter will both eliminate the risk that Mr. Hughes will be deposed twice (once as a non-party and once as a party), while preserving CTS's ability to depose Mr. Hughes as a non-party if CTS's motion to interplead Dell is denied. Notably, the only case with similar facts, as cited by Dell, reasoned that:

> Given that [the deponent]'s status as either a percipient witness or a named defendant awaits the district judge's ruling on Plaintiff's motion for leave to amend, the Court is persuaded that a protective order postponing [the deponent]'s deposition is appropriate. [The deponent] is entitled to answer questions when he knows whether he is a defendant in this case.

*Doe v. City of San Diego*, Civ. No. 12-0689, 2013 WL 3989193, at *7 (S.D. Ca. Aug. 1, 2013). CTS cites no contrary authority.[1] Dell has demonstrated good cause for issuance of a protective order postponing Mr. Hughes deposition until the S.D.N.Y rules on CTS's Motion for Interpleader pending in the underlying action. As in *Doe*, these specific facts demonstrate an undue

---

[1] Arguments by Dell and CTS relating to whether Mr. Hughes' deposition is duplicative or necessary are superfluous until CTS's Motion to Interplead Dell is resolved in the New York matter.

burden on Dell that can be avoided by the least burdensome remedy of a protective order postponing Mr. Hughes' deposition rather than quashing the subpoena at issue.

**IV. Conclusion**

For the reasons discussed above, Dell's Motion to Quash, or in the alternative, for a Protective Order is **GRANTED in part** and **DENIED in part**. To the extent Dell seeks to Quash Mr. Hughes' subpoena, the Motion is **DENIED**; to the extent Dell seeks a Protective Order postponing Mr. Hughes' deposition until CTS's Motion to Interplead Dell is ruled on is **GRANTED**. An appropriate order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Emmet G. Sullivan**
**United States District Court**
**August 26, 2016**